IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRAZIL RUDOLPH, TITO WILLIAMS, and EVELYN BROWN, individually and for a class of similarly situated persons,<br>    Plaintiffs<br><br>v.<br><br>THE CITY OF MONTGOMERY and DARYL D. BAILEY<br>    Defendants. | Case No. 2:16-cv-00057-MHT-WC |

**CORRECTED REPORT OF PARTIES' PLANNING MEETING**

The parties jointly file this report of their Rule 26(f) planning meeting.

1. **Participants**.  The following persons participated in a Rule 26(f) conference on May 5, 2017 by telephone (and subsequently via e-mail):

   - William Dawson, Matt Swerdlin, and Joseph Mitchell McGuire for the plaintiffs;

   - Shannon Holliday for defendant City of Montgomery; and

   - Benjamin Howard Albritton for defendant District Attorney Bailey

2. **Initial Disclosures.**  The parties will complete by June 15, 2017 the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

3. **Discovery Plan**.  The parties propose this discovery plan:

   a. **Subjects for Discovery.**  Discovery will be needed on these subjects:

      i. <u>Plaintiffs' history with the Municipal Court of the City of Montgomery, including any related collection efforts made by the District Attorney's office, and the Plaintiffs' financial status during the relevant period.</u>

      ii. <u>Damages alleged.</u>

   b. **Electronic Production of Documents and Electronically Stored information.**  Unless the producing party opts to produce documents as they are kept in the usual course of business, *see* Fed. R. Civ. P. 34(b)(2)(E)(i),

production of documents and electronically stored information should be handled as follows:

   i. If a document is stored in electronic form as Word, WordPerfect, Excel, or PDF, the producing party shall produce the document in its native format or searchable PDF, at the election of the producing party, unless the requesting party demonstrates particularized need for the information in native format by, for example, demonstrating that the information can be read only in native format, such as formulas contained in Excel spreadsheets. If the requesting party demonstrates particularized need, and the producing party does not otherwise object to the request, the producing party will produce the information in native format. The parties will take the matter up with the Court if they cannot agree whether particularized need has been demonstrated;

   ii. If a document is kept only on paper, the producing party shall produce a searchable PDF document;

   iii. If a document or information is stored in a database that is not Excel, electronic form other than Word, WordPerfect, Excel, or PDF, the producing party shall contact opposing counsel before production to arrange the appropriate form of production.

c. **Electronic Service.** The parties agree to the following procedures for service of discovery and disclosure of documents:

   i. The parties consent to electronic service of initial disclosures, amendments to such disclosures, and discovery requests (including interrogatories, requests for production, requests for admission, and notices of deposition). For these documents an electronic "s/____" signature is sufficient.

   ii. All discovery responses requiring a signature will be served by email as a PDF document (with or without signature) as well as by an original copy bearing the original signature of the party or party representative served by mail.

d. **"Clawback" Agreement.** At this time, the parties do not anticipate voluminous discovery exchanges. Accordingly, the parties have not agreed to any order regarding post-production claims of privilege or of protection as trial-preparation material.

e. **Discovery Cut-off.** All discovery should be commenced in time to be completed by February 1, 2018.

f. **Interrogatories.** Maximum of 50 interrogatories, including discrete subparts, by each party to any other party. Responses due 30 days after service.

g. **Requests for Admission.** Maximum of 20 requests for admission by each party to any other party. Responses due 30 days after service.

h. **Requests for Production.** Maximum of 40 requests for production by each party to any other party. Responses due 30 days after service.

i. **Depositions.** Maximum of 10 depositions by plaintiffs and 10 depositions by each defendant. Each deposition limited to maximum of 1 day of 7 hours.

j. **Expert Reports.** Reports from retained experts under Rule 26(a)(2) should be due from the plaintiffs by September 1, 2017. Experts shall be produced for deposition by October 1, 2017. Rebuttal expert reports should be due from the defendants by November 1, 2017. Rebuttal experts shall be produced for deposition by December 1, 2017. The parties agree that experts will be compensated for no more than 2 hours spent preparing for deposition in addition to the number of hours the experts attend depositions.

k. **Discovery Supplementation.** Supplementation of discovery responses shall be made within 30 days of discovery of additional information.

4. **Other Items**:

a. **Scheduling Conference.** The parties do not request a conference with the Court before entry of a scheduling order.

b. **Pretrial Conference.** The parties request a pretrial conference in June 2018.

c. **Amendment of Pleadings**. The plaintiffs should be allowed until July 1, 2017 to move to amend their complaint or join parties. The defendants should be allowed until August 1, 2017 to amend their pleadings or join parties.

d. **Dispositive Motions.** All potentially dispositive motions should be due by March 1, 2018. Responses in opposition to dispositive motions should be due by April 1, 2018; replies in support of dispositive motions due April 15, 2018.

e. **Settlement.** At this early stage, settlement is unlikely although the parties are willing to participate in mediation if it appears such action will enhance settlement prospects.

f. **Pretrial Disclosures.** Final witness lists, deposition designations, and exhibit lists under Rule 26(a)(3) should be due by June 15, 2018. Objections to witness lists, deposition designations, and exhibit lists should be due by July 1, 2018.

g. **Trial Date & Length.** This non-jury action should be ready for trial by August 1, 2018. At this time, trial is expected to take approximately three days.

  h. **Protective Order.**  The parties are not moving for a protective order at this time.

 All parties consent to the filing of this document.

Date: May 18, 2017.

                Respectfully submitted,

| | |
|---|---|
| s/William M. Dawson<br>1736 Oxmoor Rd. #101<br>Birmingham, Alabama 35209 | s/Shannon Holliday<br>Copeland, Franco, Screws & Gill, P.C.<br>P.O. Box 347<br>Montgomery, AL 36101 |
| s/Matt Swerdlin<br>1736 Oxmoor Rd. #101<br>Birmingham, AL 35209 | *Counsel for The City of Montgomery* |
| s/J. Mitch McGuire<br>31 Clayton St.<br>Montgomery, AL 36104 | Benjamin H. Albritton<br>Alabama Attorney General's Office<br>P.O. Box 300152<br>Montgomery, AL 36130 |
| *Counsel for the Plaintiffs* | *Counsel for D.A. Bailey* |

### Certificate of Service

 I certify that, on this the 18th day of May, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/EF system, which will send notification of such filing to all attorneys of record:

                s/Shannon L. Holliday
                Of Counsel