UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |
|---|---|
| BRAZIL RUDOLPH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No: 2:16-cv-57 (RCL) |
| ) | |
| THE CITY OF MONTGOMERY, ) | |
| ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On September 5, 2018, it appeared this case was headed towards a resolution. The parties had reached an agreement, *see* Settlement Agreement, ECF No. 47-1, and they moved jointly for preliminary approval of the settlement, pending a final fairness hearing. Joint Mot. Prelim. Approval Class Action Settlement, ECF No. 46. Over the next two days, however, the docket devolved into chaos, as all three counsel for the plaintiffs sought to withdraw from the settlement agreement. *See* Dawson's Mot. Withdraw Settlement, ECF No. 50; Swerdlin's Mot. Withdraw Settlement, ECF No. 51; McGuire's Mot. Withdraw Settlement, ECF No. 56.

Plaintiffs' counsel attempt to justify these requests by claiming surprise at the estimated number of individuals in the proposed class included in the final agreement. Dawson's Mot. Withdraw Settlement ¶ 2, ECF No. 50; Swerdlin's Mot. Withdraw Settlement ¶¶ 2–3, ECF No. 51; McGuire's Mot. Withdraw Settlement ¶ 3, ECF No. 56. According to the attorneys, they negotiated the settlement with the understanding that the number of individuals in the proposed class was a mere seven people, despite ultimately signing an agreement estimating a class of 65,000 individuals. Dawson's Mot. Withdraw Settlement ¶ 2, ECF No. 50; Swerdlin's Mot.

1

Withdraw Settlement ¶¶ 2–3, ECF No. 51; McGuire's Mot. Withdraw Settlement ¶ 3, ECF No. 56. While acknowledging a purported "failure in diligence," plaintiffs' counsel argue that the proposed settlement is neither fair, reasonable, nor adequate—as required by Rule 23—to the 64,993 people whose interests they allegedly did not consider over the course of the negotiations. McGuire's Mot. Withdraw Settlement ¶ 3, ECF No. 56; *see also* Swerdlin's Second Corrected Mot. Withdraw Settlement ¶ 8, ECF No. 55.

Plaintiffs leave this Court with no good options. For the reasons stated below, the Court must **DENY** the Joint Motion for Preliminary Approval of the Class Action Settlement [ECF No. 46] and **GRANT** the motions to withdraw from the settlement agreement [ECF Nos. 50, 55, 56]. Additionally, Mr. McGuire, Mr. Swerdlin, and Mr. Dawson are hereby **ORDERED** to withdraw from the case.

## I.   Factual Background[1]

In the complaint, plaintiffs allege, individually and on behalf of a purported class, that the City of Montgomery (the "City") entered into an unconstitutional scheme to use the Montgomery County District Attorney and his office to collect court costs, fines, and fees owed to its Municipal Court. Compl. ¶¶ 7–8, ECF No. 1. The named plaintiffs sought to represent a class of individuals similarly situated to themselves. *Id.* ¶¶ 55–61. They claimed that "[t]he members of the Class are so numerous that joinder of all members is impracticable" and that "the exact number in the Class is unknown but would be more than one thousand and is ascertainable." *Id.* ¶¶ 56–57. Although plaintiffs made a number of claims in the complaint, the Court ruled on the City's motion to dismiss

---

[1] The Court need not expound upon the full factual history of the case to resolve the present issues before the Court. For a more detailed factual account, see Memorandum Opinion, ECF No. 32.

that the plaintiffs failed to state a claim for all counts, except their federal and state due process claims. Order, ECF No. 33.

Then, after "substantial, adversarial settlement negotiations over the course of several months," the parties jointly advised the Court that they had reached a settlement of the remaining claims and asked this Court to grant preliminary approval. *See* Memo. Supp. Joint Mot. Prelim. Approval Class Action Settlement 3, ECF No. 47. The settlement agreement seeks conditional certification of a settlement class composed of all those persons:

> (1) who have been arrested, jailed or impliedly threatened with arrest and jailing in connection with having failed to appear and/or to pay fines, fees and/or costs to the Montgomery Municipal Court, with such actions and/or implied threats having been made in connection with letters sent by the Office of the District Attorney of Montgomery County to collect fines, fees and costs; (2) all persons whose records at the Municipal Court of the City of Montgomery show that their fines and costs have had the thirty percent (30%) District Attorney's collection fees ("D.A. fees"), provided for by § 12-17-225.4, *Code of Alabama*, added to them; (3) all individuals who have paid the thirty percent (30%) D.A. fee imposed or any portion thereof to the Montgomery Municipal Court or to any entity for transmission to such Municipal Court; and (4) all persons included in (2) above, who in addition thereto, paid any warrant fee or fees.

Settlement Agreement ¶ 1, ECF No. 47-1. Furthermore, the settlement agreement explicitly represents that this "proposed class consists of an estimated 65,000 individuals," *id.*, and gives the defendants an option to withdraw from the settlement "[i]f the number of class members who elect to opt out... exceeds twenty-five (25)." *Id.* ¶ 7. The agreement is signed on behalf of the plaintiffs by their counsel—Joseph Mitchell McGuire, Matthew Scott Swerdlin, and William M. Dawson Jr. *Id.*

Starting the day after the parties filed the agreement along with their joint motion for preliminary approval, each of those men separately filed a motion seeking to withdraw from the settlement agreement. Dawson's Mot. Withdraw Settlement, ECF No. 50; Swerdlin's Mot. Withdraw Settlement, ECF No. 51; McGuire's Mot. Withdraw Settlement, ECF No. 56. They

3

claimed that "[t]hroughout the negotiation process with opposing counsel, [they] operated with the belief that the number of class members was seven," rather than 65,000. Swerdlin's Second Corrected Mot. Withdraw Settlement ¶ 7, ECF No. 55; *see also* Dawson's Mot. Withdraw Settlement ¶ 2; McGuire's Mot. Withdraw Settlement ¶ 3. To explain their misconceptions, Mr. Swerdlin filed a version of the settlement agreement purportedly circulated between the parties that states, "The proposed class consists of an estimated **[7]** individuals." Proposed Settlement Agreement, ECF No. 51-1 (emphasis in original).

The City responds that earlier drafts of the settlement agreement contained various blanks to be filled in later indicated by bolded bracketed digits (*i.e.*, **[-]**). City Defendants' Resp. Pls.' Mot. Withdraw Settlement 2, ECF No. 59. One of those blanks was the number of putative class members—place-marked as **[7]**—because "that number was dependent on the final inclusive class period dates and the ability of the Municipal Court and the District Attorney's office to undertake to identify the persons to whom letters were sent or who paid District Attorney fees and/or warrant fees for purposes of giving notice." *Id.* The City attaches two emails supporting this explanation. Mot. Stay Proceedings Exs. 1 & 2, ECF No. 59. For example, on April 18, 2018, counsel for the City sent Mr. Swerdlin an email stating "that the only thing that needs to be added to the documents is the number of people involved." *Id.* Ex. 1.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 23(e)(2), a Court may approve a class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate after considering[, *inter alia*,] whether . . . the class representatives and class counsel have adequately represented the class[.]" While not required, some courts employ a two-step process to determine whether to grant approval of a proposed settlement, consisting of a preliminary evaluation of the

4

proposed settlement, followed by a final approval determination after appropriate notice to the class and a fairness hearing. *See, e.g., Bennett v. Boyd Biloxi, L.L.C.*, No. 14-cv-0330, 2016 WL 2743527, at *4 (S.D. Ala. May 11, 2016). "Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." *Id.* (internal quotes omitted).

### III.    Discussion

*1. The proposed settlement is obviously deficient because plaintiffs' counsel is inadequate.*

While counsel for the plaintiffs seek to withdraw from the settlement agreement, the City asks the Court to grant preliminary approval and set a fairness hearing. City Defendants' Resp. Pls.' Mot. Withdraw Settlement 2, ECF No. 59. It argues that "the law of contracts governs the construction and enforcement of settlement agreements," *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999), and that the negotiated settlement agreement is binding on the parties. City Defendants' Resp. Pls.' Mot. Withdraw Settlement 5, ECF No. 59.

But although that is true as a matter of principle, it does not impact the analysis at present because the Court will not approve the settlement, binding or not. The conduct of plaintiffs' counsel has convinced this Court that they could not adequately represent a class in this case.

Mr. Swerdlin, Mr. McGuire, and Mr. Dawson each claim that they believed the class included just seven people and only realized their mistake after signing the settlement agreement. They maintain this position despite:

> (1) representing in the complaint that "[t]he members of the Class are so numerous that joinder of all members is impracticable" and that "the exact number in the Class is unknown but would be more than one thousand and is ascertainable," Compl. ¶¶ 56–57, ECF No. 1;
>
> (2) negotiating a broad settlement class that included four different groups of people, Settlement Agreement ¶ 1, ECF No. 47-1;

(3) including in both drafts and the final version of the settlement agreement a contingency if *twenty-five* potential class members decided to opt-out of the settlement, id. ¶ 7; Proposed Settlement Agreement ¶ 7, ECF No. 51-1;

(4) the "[7]" from the draft settlement agreement being the only part of the agreement in boldface type and in brackets, Proposed Settlement Agreement, ECF No. 51-1;

(5) receiving emails from the City's counsel making clear that the number of class members involved still needed to be added to the documents, Mot. Stay Proceedings Exs. 1 & 2, ECF No. 59; and

(6) reviewing and signing a final settlement agreement explicitly stating that "proposed class consists of an estimated 65,000 individuals." Settlement Agreement ¶ 1, ECF No. 47-1.

Plaintiffs' counsel's position is indefensible. The Court finds it inconceivable, in light of these facts, that a competent attorney could believe that the defined settlement class in this case included just seven people. Instead, the Court sees only two logical explanations: (1) the attorneys immediately regretted the deal and have concocted a story, lying to this Court to try to get out of the agreement; or (2) they are grossly incompetent and have done a great disservice to their clients. Both alternatives are extremely disappointing, and the Court dare not speculate as to which is correct. But either way, a fairness hearing would be a waste of judicial resources because the Court could under no circumstances find that Mr. Swerdlin, Mr. McGuire, and Mr. Dawson have adequately represented the class.

For that reason, the settlement agreement is obviously deficient. The Joint Motion for Preliminary Approval of Class Action Settlement Agreement [ECF No. 46] is **DENIED**. The Court **GRANTS** Mr. McGuire's and Mr. Dawson's Motions to Withdraw from the Settlement Agreement [ECF Nos. 50 & 56]. The Court also **GRANTS** Mr. Swerdlin's Second Corrected Motion to Withdraw from the Settlement Agreement [ECF No. 55]. His original motion [ECF No.

6

51] and his first corrected motion [ECF No. 53] are **DENIED AS MOOT**. The Motion to Strike is **DENIED**.[2]

*2. The case will move forward with new counsel for the plaintiffs.*

Having addressed the pending motions on the docket, the Court is left to grapple with what happens next. The Court has lost confidence in Mr. Swerdlin, Mr. McGuire, and Mr. Dawson. After the motions to withdraw were fully briefed, Mr. Lloyd W. Gathings and Mr. William A. Lattimore filed notices of appearance as counsel on behalf of the plaintiffs, both individually and on behalf of those similarly situated. Lattimore's Notice of Appearance, ECF No. 61; Gathings's Notice of Appearance, ECF No. 62. Mr. McGuire, for his part, admirably moved to withdraw from the case, citing "the ethical obligation to serve as counsel on matters in a manner representative of professional litigation standards and standards of this Court." McGuire's Mot. Withdraw Settlement ¶ 6, ECF No. 56. Similarly, both Mr. Swerdlin and Mr. Dawson offer to withdraw completely from the case if the Court deems it necessary. Swerdlin's Second Corrected Mot. Withdraw Settlement ¶ 12, ECF No. 55; Dawson's Mot. Withdraw Settlement ¶ 4, ECF No. 50.

Considering what has transpired, the Court does in fact deem counsel's withdrawal necessary. The Court **GRANTS** Mr. McGuire's Motion to Withdraw from the Case [ECF No. 56] and **ORDERS** Mr. Swerdlin and Mr. Dawson to withdraw from their representation of the plaintiffs in this matter. The case will move forward with Mr. Gathings and Mr. Lattimore representing the plaintiffs in this action.

---

[2] The Court finds it unnecessary to strike Mr. Swerdlin's prior two motions from the record, especially since the original motion attaches as an exhibit a copy of a proposed settlement agreement that is cited in this Order and in his Second Corrected Motion to Withdraw.

7

The remaining parties are **ORDERED** to meet and confer within ten (10) days of this date and to propose a schedule for the case moving forward.

**IT IS SO ORDERED.**

Date: 3/29/19

_____
Royce C. Lamberth
United States District Court