IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRAZIL RUDOLPH, TITO WILLIAMS, )<br>and EVELYN BROWN, individually and )<br>for a class of similarly situated persons, )<br>   Plaintiffs, )<br>)<br>v. )<br>)<br>THE CITY OF MONTGOMERY and )<br>DARYL D. BAILEY, )<br>   Defendants. ) | Case No. 2:16-cv-00057-MHT-WC |

**REPORT OF PARTIES' SCHEDULING CONFERENCE**

The parties jointly file this report of the Scheduling Conference ordered by this Court on March 29, 2019 (Doc. 63).

1. **Participants**. The following persons participated in a Rule 26(f) conference on April 4, 2019 by telephone (and subsequently via e-mail):

   - Will Lattimore and Lloyd Gathings for Plaintiffs;
   - Shannon Holliday and Richard H. Gill for defendant City of Montgomery.

2. **Initial Disclosures.** The parties will complete by May 15, 2019 the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

3. **Discovery Plan**. The parties propose the following discovery plan:

   a. **Subjects for Discovery.** Discovery will be needed on these subjects:

   **Plaintiffs' position**: Plaintiffs take the position that discovery is necessary on the following: The named Plaintiffs' and Plaintiffs' Class member histories with the Municipal Court of the City of Montgomery, including any related letters sent as part of collection efforts made by the District Attorney's office, named Plaintiffs' receipt and handling of any letters from the District Attorney's office; the named Plaintiffs' and Class members' financial status during the relevant period; all proceedings relating to the named Plaintiffs and Class members in the Municipal Court of the City of Montgomery; and fines and collection fees for each named plaintiff and class members. Though Plaintiffs' equal protec-

tion claim has been dismissed, the fines and collection fees imposed by the defendant are relevant to Plaintiffs' procedural due process claim, and are discoverable.

Discovery will be necessary on compensatory and punitive damages.

**Defendant's Position**: The City of Montgomery takes the position that discovery is necessary on the following: the merits of Plaintiffs' claims and their damages, if any. Class-wide discovery on the class alleged here on the single claim remaining is neither necessary nor appropriate. Any issue of the named Plaintiffs' or putative class members' collection or other fees paid is no longer an issue in the case.

b. **Electronic Production of Documents and Electronically Stored information.** Unless the producing party opts to produce documents as they are kept in the usual course of business, *see* Fed. R. Civ. P. 34(b)(2)(E)(i), production of documents and electronically stored information should be handled as follows:

   **Plaintiffs' position:**

   i. If a document is stored in electronic form such as Word, WordPerfect, Excel, PDF, accounting programs or other computer software programs the producing party shall produce the document in its native format. Other formats may be used if agreed upon between the parties before production is made of a category of documents;

   ii. If a document is kept only on paper, the producing party shall produce a PDF document;

   **Defendant's position**:

   i. If a document is stored in electronic form such as Word, WordPerfect, Excel, other spreadsheet program, other accounting program, Outlook or another email or scheduling program, or PDF, for ease of production of said documents and because said documents must be bates-stamped to be used, indexed and identified effectively in discovery and for use in this proceeding, said documents shall be produced in PDF format. Defendant will agree to comply with Rule 34 and also to make the produced PDF documents searchable and thus a "reasonably usable" form, as provided by Rule.

   ii. If a document is kept only on paper, the producing party shall produce a PDF document.

   iii. If a Party seeks to have production in a different format, the Party may request that the document or information be produced in native format. If the producing Party objects thereto, the Parties may take the issue up with the Court.

c. **Electronic Service.**  The parties agree to the following procedures for service of discovery and disclosure of documents:

   i. The parties consent to electronic service of initial disclosures, amendments to such disclosures, and discovery requests (including interrogatories, requests for production, requests for admission, and notices of deposition). For these documents an electronic "s/____" signature is sufficient.

   ii. All discovery responses requiring a signature will be served by email as a PDF document (with or without signature) as well as by an original copy bearing the original signature of the party or party representative served by mail.

d. **"Clawback" Agreement.**  The parties will attempt to reach an agreement on an order regarding post-production claims of privilege or of protection as trial-preparation material and submit same to the Court.

e. **Discovery Cut-off.** All discovery should be commenced in time to be completed by February 1, 2020.

f. **Interrogatories.** Maximum of 50 interrogatories, including discrete subparts, by each party to any other party.  Responses due 30 days after service.

g. **Requests for Admission.**  Maximum of 30 requests for admission by each party to any other party.  Responses due 30 days after service.

h. **Requests for Production.**

   **Plaintiffs' Position**: Responses due 30 days after service.

   **Defendant's Position**: Maximum of 30 requests for production by each party to any other party. Responses due 30 days after service.

i. **Depositions.**

   **Plaintiffs' position**: Maximum of 15 fact witness depositions by plaintiffs and 15 fact witness depositions by each defendant.  Each deposition limited to maximum of 1 day of 7 hours of examination.  The time for a deposition may be extended by application to the Court with a showing of good cause.

   **Defendant's position**:  Maximum of 10 fact witnesses by either side.

j. **Expert Reports.** Reports from retained experts under Rule 26(a)(2) should be due from the Plaintiffs by October 4,, 2019.  Plaintiffs' experts shall be produced for deposition by November 2, 2019. Expert reports should be due from the Defendant by December 6, 2019. Experts shall be produced for deposition by January 17, 2020.  The parties agree that experts will be compensated for no

more than 2 hours spent preparing for deposition in addition to the number of hours the experts attend depositions.

4. **Other Items**:

   a. **Scheduling Conference.** The parties do request a conference with the Court before entry of a scheduling order.

   b. **Pretrial Conference.** The parties request a pretrial conference at least 42 days before the commencement of the trial term.

   c. **Amendment of Pleadings**.

   **Plaintiffs' position**: Plaintiffs should be allowed until September 6, 2019 to amend their complaint. The defendants should be allowed until September 6, 2019 to amend their responsive pleadings.

   **Defendant's position:** Plaintiffs should be allowed until July 1, 2019 to move to amend their complaint. The defendants should be allowed until August 1, 2019 to amend their responsive pleadings.

   d. **Class Certification:**

   **Plaintiffs' Position:** If Plaintiffs seek to proceed on the basis of a class action, they shall move for class certification on or before February 7, 2020. The Defendant shall respond to the motion for class certification on or before March 20, 2020. Plaintiffs' reply brief will be due on class certification on or before April 19, 2020.

   **Defendant's Position:** If Plaintiffs seek to proceed on the basis of class action, they shall move for class certification on or before August 30, 2019. The Defendant shall respond to the motion for class certification on or before October 1, 2019. Plaintiff's reply brief will be due on class certification on or before October 15, 2019.

   e. **Dispositive Motions.**

   **Plaintiffs' Position**: All potentially dispositive motions should be due within 30 days after the Court rules on the motion for class certification. Responses in opposition to dispositive motions should be due 30 days after the filing of any dispositive motions; replies in support of dispositive motions due two weeks after opposition briefs are filed.

   **Defendant's Position**: All potentially dispositive motions will be due not more than sixty days after the close of discovery or more than sixty days after the Court's ruling on class certification, whichever date is later.

4

f. **Settlement.** The parties are willing to discuss settlement. The parties are willing to participate in mediation if it appears such action will enhance settlement prospects.

g. **Pretrial Disclosures.** Final witness lists, deposition designations, and exhibit lists under Rule 26(a)(3) shall be due 42 days prior to the date the case is set for trial. Objections to witness lists, deposition designations, and exhibit lists shall be due 28 days prior to the date the case is set for trial.

h. **Trial Date & Length.**

**Plaintiffs' Position**: This action should be ready for trial within 30 days after the Court rules on any dispositive motions. If none are filed then this action shall be ready for trial within 30 days from the deadline for the filing of dispositive motions. At this time, trial is expected to take approximately seven days.

**Defendant's Position**: This action should be ready for trial not fewer than 90 days after the Court rules on all dispositive motions or 90 days after the Court rules on Plaintiffs' class certification motion, whichever is later. If such motions are not filed then this action shall be ready for trial not fewer than 90 days from the deadline for the filing of dispositive motions. At this time, trial is expected to take approximately three days, including jury selection.

i. **Protective Order.** The parties are not moving for a protective order at this time.

All parties consent to the filing of this document.

Date: _____, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Lloyd W. Gathings* | s/Shannon Holliday |
| Lloyd W. Gathings (asb-1365-G58L) | Shannon L. Holliday [ASB-5440-Y77S] |
| Will Lattimore (asb-7576-L62L) | Robert D. Segall [ASB-7354-E68R] |
| Gathings Law | Richard H. Gill [ASB-7945-G70R] |
| 2204 Lakeshore Drive, Suite 406 | Copeland, Franco, Screws & Gill, P.C. |
| Birmingham, Alabama 35209 | P.O. Box 347 |
| Telephone: (205) 322-1201 | Montgomery, AL 36101 |
| Facsimile: (205) 322-1202 | Telephone: 334-834-1180 |
| lgathings@gathingslaw.com | Facsimile: 334-834-3172 |
| wlattimore@gathingslaw.com | Email: holliday@copelandfranco.com |
| | Email: segall@copelandfranco.com |
| ***Counsel for the Plaintiffs*** | Email: gill@copelandfranco.com |
| | ***Counsel for The City of Montgomery*** |