UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| BRAZIL RUDOLPH et al.,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>THE CITY OF MONTGOMERY,  )<br>  )<br>Defendant.  )<br>  ) | Civil Case No. 2:16-57 |

## MEMORANDUM & ORDER

This putative class action alleges the City of Montgomery colluded with its district attorney to increase revenue by unconstitutionally threatening to arrest indigent defendants who owed fines resulting from traffic violations. A few months ago, after Montgomery's motion to dismiss whittled the complaint from six counts to two (just a federal and state due process claim remain), the parties agreed to settle. But plaintiffs' counsel's "indefensible" chicanery unraveled that agreement and forced the Court to order their withdrawal. *See* Order 6, ECF No. 63.

Plaintiffs now proceed into discovery with new attorneys. Though the parties' April 8, 2019 joint status report [69] documents broad agreement on the plan and schedule for discovery, it identifies limited disagreements over discovery's topics, format, scope, and schedule. So—to the extent not inconsistent with the hereunder—the Court **ADOPTS** the parties' agreed-upon discovery plan and uses this Memorandum & Opinion to resolve the remaining disagreements.

\* \* \*

**I. Subjects for Discovery.** The Court authorizes discovery on five topics:

1. Each putative classmember's history with Montgomery's municipal court, including letters relating to the district attorney's collections efforts and the named plaintiffs' receipt and handling of any letters from the district attorney's office;

2. Each putative classmember's financial status during the relevant period;

3. All proceedings relating to putative classmembers in Montgomery's municipal court;

4. Each putative classmember's fines and collection fees; and

5. Compensatory and punitive damages.

Montgomery raises two grounds for limiting these topics, but neither persuade the Court. First, Montgomery claims "[c]lass-wide discovery on the class alleged here on the single claim remaining is neither necessary or appropriate." R. 2. Yet class-wide discovery is necessary and appropriate, even before the Court certifies a class. After all, to impose municipal liability under 42 U.S.C. § 1983, plaintiffs must prove a municipal policy or practice, something they may be unable to do without class-wide discovery. Second, Montgomery claims "[a]ny issue of the named Plaintiffs' or putative class members' collection or other fees paid is no longer an issue in the case." *Id.* But information about money putative classmembers already paid is plainly relevant and proportional to the case's needs. So the Court will allow discovery on these five topics.

**II. Electronic Production of Documents & Electronically Stored Information.** As both parties agree, for documents kept only on paper, the producing party shall produce a portable document format (PDF) file. *See* R. 2. But regarding documents stored in electronic form, in keeping with Rule 34(b)(2)(E)(i)'s command to "produce documents as they are kept in the usual course of business," the parties shall produce the documents in their native format, absent a contrary agreement or a Court order upon either side's motion for an exception.

**III. Requests for Production.** As both sides agree, responses will be due thirty days after service. *See* R. 3. Additionally, the Court limits each party to thirty requests of any other party, absent a contrary agreement or a Court order upon either side's motion to expand this limit.

**IV. Depositions.** Each side may depose fifteen fact witnesses. The Court limits each deposition to one day of no more than seven hours of examination. Either limitation may be expanded through a contrary agreement or a Court order upon either side's motion.

**V. Amendment of Pleadings.** Plaintiffs may seek to amend their complaint before August 1, 2019. The city may seek to amend its responsive pleadings before August 1, 2019, or in response to an amended complaint if the Court allows plaintiffs to file one.

**VI. Dispositive Motions.** Dispositive motions shall be due no later than March 2, 2020, with responses due April 1, 2020, and replies due April 15, 2020.

**VII. Class Certification.** Since this case's scope may change after discovery and after the Court rules on any dispositive motions, the Court reserves considering class certification until then. Plaintiffs shall have thirty days after the Court resolves all dispositive motions to move for class certification, with any opposition due thirty days later, and replies due fifteen days from the opposition's filing.

**VII. Trial.** Within ten days after the Court resolves all dispositive and class certification motions, the parties shall move to set a trial date no later than sixty days from when the Court issued its final decision, and to schedule a pretrial conference for the preceding week. If no dispositive or class certification motions are filed, the parties shall move for a trial date no later than May 20, 2020.

\* \* \*

It is **SO ORDERED**.

June 19, 2019

_Royce C. Lamberth_
Royce C. Lamberth
United States District Judge