UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRAZIL RUDOLPH, TITO WILLIAMS, and EVELYN BROWN, *individually and for a class of similarly situated persons*, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF MONTGOMERY, *et al.*, <br><br> Defendants. | Case No. 2:16-cv-57-RCL |

# MEMORANDUM ORDER

Plaintiffs filed a Motion to Compel Discovery (ECF No. 81) from the City of Montgomery ("the City") under Federal Rule of Civil Procedure 37. Upon consideration of the motion, opposition (ECF No. 82), and reply (ECF No. 83), the Court has concluded that plaintiffs' motion should be **GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART**.

Plaintiffs' first request is for clarification from the Court regarding its March 10, 2017 Memorandum Opinion. *See* ECF No. 81 at 1. Plaintiffs' phrasing of this request in their initial motion was extremely unclear, though they specified in their reply that they seek an order from the Court clarifying that its Memorandum Opinion did not limit the class to individuals who were indigent at the time they received letters threatening imminent arrest. Because this was not clear until their reply, the City did not get to respond to this point. In recognition of the fact that a discovery order is not the normal medium through which the Court would clarify a previous order, it is only fair to give the City an opportunity to respond. Therefore, the Court **ORDERS** the City to file a response explaining whether it agrees with plaintiff's broader interpretation of

1

the class; if it does not agree, the City must explain its more limited interpretation of the Court's March 10, 2017 Memorandum Opinion. The City's response should also clarify whether its discovery responses included all responsive information regarding both indigents and non-indigents.

Plaintiffs' second request is for confirmation that defendants must comply with class-wide discovery. *See id.* at 1-2. The City argues that this request is moot, as class-wide discovery has already been provided. Plaintiffs specifically demand information about money that putative class members have already paid, but the City notes that plaintiffs already have a spreadsheet listing people who were charged a DA collection fee during the relevant time period, which also includes the names of people who received DA letters. According to the Municipal Court, if the DA's office sent people listed on the spreadsheet a DA letter, that letter should be scanned into the individual's Municipal Court file along with receipt of any payments. Nevertheless, plaintiffs are concerned that the City has retained responsive documents without providing a privilege log. The Court therefore **ORDERS** the City to verify whether all class-wide discovery has been produced. The City must also state whether any responsive documents have been withheld. The Court will wait for this response before ordering a privilege log, as a privilege log may not be necessary depending on the answer.

Plaintiffs' third request is for confirmation from the Court that information pertaining to payment of fines, costs, and fees is discoverable. *See* ECF No. 81 at 2. The City argues that this request is moot, as the City provided full access to the putative class members' Municipal Court files. The Municipal Court's practice is to enter receipts for payment of fines and collection fees into individual defendants' files. The City has represented to this Court that "<u>any</u> fee that was paid would be itemized in the record of receipts in each putative class members' Municipal

Court files." *See* ECF No. 82 at 4. Nevertheless, plaintiffs are still concerned that defendant has withheld responsive documents without providing a privilege log. The Court therefore **ORDERS** the City to verify whether all documents regarding payments of fines and costs or fees have been produced and whether any responsive documents have been withheld. The Court will wait for this response before ordering a privilege log, as a privilege log may not be necessary depending on the answer.

Plaintiffs' fourth request is for clarification regarding the Protective Order signed on December 20, 2019. *See* ECF No. 81 at 2-3. Plaintiffs' initial request regarding this matter was unclear, but in their reply, they specify that they want to know:

> [I]f information, such as a name, a date, or an address, contained in the portal may also appear in a newspaper, a public website, or other non-related document or material, does the Court's Order . . . apply to the name, date, or address, regardless of its source or coincidental nature? If a filing contains information that is otherwise public but is coincidentally contained in the portal, must the filing be made under seal?

ECF No. 83 at 4. If the exact information that appears on the portal also appears in some other public source, that information does not need to be filed under seal. The Protective Order itself specifically contains exceptions for matters of public record. Of course, it would still be improper to cite the portal as the source of that information. This is the routine way to handle information contained in a document or other source that is subject to a protective order but that is also publicly available from some other source.

Plaintiffs' fifth request is for an order from the Court declaring that warrant fees are discoverable. *See* ECF No. 81 at 3. The City argues that this request is moot, as plaintiffs have been given access to the Municipal Court files and can locate putative class members' records therein via the spreadsheets. It is the Municipal Court's practice to enter detailed receipts of any fees paid in any case, including any warrant fee. Nevertheless, plaintiffs are still concerned that

3

certain information may not have been turned over, and they note that no privilege log has been provided. The Court therefore **ORDERS** the City to verify whether all documents regarding warrant fees have been produced and whether any responsive documents have been withheld. The Court will wait for this response before ordering a privilege log, as a privilege log may not be necessary depending on the answer.

Plaintiffs' sixth request is for an order compelling the City to turn over "all information-related policies or practices that have been in place since the District Attorney's office has been involved in collecting or attempting to collect any sums of money pursuant to Ala. Code § 12-17-225-225.2 for the City of Montgomery and/or the Montgomery Municipal Court." ECF No. 81 at 3. The City objects, claiming that this request is overly broad, vague, and burdensome. The Court agrees that this request is disproportional to the needs of the case. The phrase "information-related policies or practices" is exceedingly vague, and much of the information that would be turned over in accordance with that phrase would be completely irrelevant. Therefore, plaintiffs' sixth request is **DENIED**.

Plaintiffs' seventh request is for an order compelling production of a list of persons who are reasonably likely to have electronically stored information relating to the claims in this case. *See id.* at 4. As plaintiffs acknowledge in their reply, this request is moot and is therefore **DENIED**. *See* ECF No. 83 at 4-5.

Plaintiffs' eighth request is for an order compelling production of all records evidencing or relating to the payment of fines, costs, and other sums of money. *See* ECF No. 81 at 4. The City argues that this request is moot, as it seeks information already provided. The Municipal Court's practice is to record receipts of these payments in each person's file, and all such files have been provided to plaintiffs through the password-protected web portal. The City notes that

receipts are broken down into categories, so plaintiffs should easily be able to find this information through the web portal. Nevertheless, plaintiffs are concerned that responsive documents were withheld without a privilege log. The Court therefore **ORDERS** the City to verify whether all records regarding payment of fines, costs, and other sums of money have been produced and whether any responsive documents have been withheld. The Court will wait for this response before ordering a privilege log, as a privilege log may not be necessary depending on the answer.

Plaintiffs' ninth request is for an order compelling production of arrest warrants for individuals to whom the DA's office sent a DA letter. *See id.* The City argues that this request is moot, as plaintiffs have full access to this information through the Municipal Court files which contain the arrest warrants for any person who was sent a DA letter. This information all comes from the Municipal Court, and the City has represented to this Court that it has no additional information about these arrest warrants. *See* ECF No. 82 at 9. Nevertheless, plaintiffs are concerned that arrest warrants were withheld without a privilege log. The Court therefore **ORDERS** the City to verify whether all arrest warrants have been produced and whether any responsive discovery materials have been withheld. The Court will wait for this response before ordering a privilege log, as a privilege log may not be necessary depending on the answer.

Plaintiffs' tenth request is for an order extending discovery. *See* ECF No. 81 at 4. The Court will wait for the City's response before ruling on this request, as an extension may not be necessary if the City has already provided all responsive information.

For these reasons, plaintiffs' Motion to Compel (ECF No. 81) is **GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART**. The City has 14 days from the date of this

5

Order to file its response. Any further reply from plaintiffs shall be due 7 days from the date of the City's response.

It is **SO ORDERED**.


Date: April 8, 2020

                                                 /s/ Royce C. Lamberth
                                                     Royce C. Lamberth
                                          United States District Court Judge