UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRAZIL RUDOLPH, TITO WILLIAMS, and EVELYN BROWN, *individually and for a class of similarly situated persons*, <br><br>*Plaintiffs*, <br><br>v. <br><br>THE CITY OF MONTGOMERY, *et al.*, <br><br>*Defendants*. | Case No. 2:16-cv-57-RCL |

## **MEMORANDUM ORDER**

Plaintiffs filed a Motion to Compel Discovery (ECF No. 81) from the City of Montgomery ("the City") under Federal Rule of Civil Procedure 37, which the Court previously granted in part, denied in part, and deferred in part (ECF No. 91).[1] The Court ordered the City to provide a supplemental response to the portion of the motion that was deferred, which the City did (ECF No. 97). Plaintiffs also filed a response (ECF No. 100), and the City then filed a sur-reply. Upon consideration of all of these documents, the Court **DENIES** the remaining portion of plaintiffs' Motion to Compel Discovery.

Regarding plaintiffs' first request, the Court finds that the due process count class definition does not include non-indigent persons. When this Court denied the City's motion to dismiss plaintiffs' procedural due process claim, it explicitly relied on *Bearden v. Georgia*, 461 U.S. 660, 664 (1983); *Williams v. Illinois*, 399 U.S. 235 (1970); and *Tate v. Short*, 401 U.S. 395 (1971). All of those cases state that jailing indigents who have an inability to pay fines and costs

---

[1] The Court already disposed of plaintiffs' fourth, sixth, and seventh requests in ECF No. 91 and thus will not address those requests in this Memorandum Order.

1

is a violation of procedural due process. Although the plaintiffs in this case had not been jailed in connection with their receipt of DA letters, "punitive actions taken solely because of indigence without consideration of the alternatives is unlawful and a violation of due process." ECF No. 32 at 10. This means that only indigents have a viable procedural due process claim, and the class is thus limited to indigents.

For plaintiffs' second request, the Court asked the City to state whether it has withheld any responsive documents regarding money which putative class members have already paid to the Municipal Court. The City has confirmed that it did not withhold any such responsive information and that it complied with class-wide discovery. ECF No. 97 at 3. The Motion to Compel is thus **DENIED** with respect to the second request.

For plaintiffs' third request, the Court asked the City to state whether it has withheld any responsive documents regarding fines, costs, and fees which putative class members have paid to the Municipal Court. The City has confirmed that it did not withhold any such responsive information. *Id.* at 4. The Motion to Compel is thus **DENIED** with respect to the third request.

For plaintiffs' fifth request, the Court asked the City to state whether it has withheld any information regarding putative class members' payment of warrant fees. The City has confirmed that it did not withhold any such information. *Id.* The Motion to Compel is thus **DENIED** with respect to the fifth request.

For plaintiffs' eighth request, the Court asked the City to state whether it has withheld any information regarding putative class members' payment of fines, costs, or other sums of money. The City has confirmed that it did not withhold any such information. *Id.* The Motion to Compel is thus **DENIED** with respect to the eighth request.

For plaintiffs' ninth request, the Court asked the City to state whether it has withheld information regarding arrest warrants issued for putative class members. The City has confirmed that it did not withhold any such information. *Id.* The Motion to Compel is thus **DENIED** with respect to the ninth request.

In its tenth request, plaintiffs asked the Court to extend discovery. Because the Court is not compelling the City to turn over any additional discovery information, this request is **DENIED** as moot.

It is **SO ORDERED**.


Date: May 9, 2020                                                  /s/ Royce C. Lamberth
                                                                                            Royce C. Lamberth
                                                             United States District Court Judge