UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BRAZIL RUDOLPH**, et al., individually and for a class of similarly situated persons, ) ) ) | |
| *Plaintiffs*, ) ) | |
| v. ) ) | Case No. 2:16-cv-57-RCL |
| **THE CITY OF MONTGOMERY**, et al., ) ) | |
| *Defendants*. ) ) | |

**MEMORANDUM OPINON**

This is one of several cases to arise from the system of collecting traffic fines in Montgomery, Alabama. Under a contract with the City of Montgomery, the Montgomery County District Attorney sent letters to attempt to collect unpaid traffic fines and fees. The District Attorney sent collection letters to the plaintiffs here, demanding payment, noting that the plaintiffs had outstanding warrants, and warning that the plaintiffs were subject to arrest.

The plaintiffs sued on behalf of themselves and a purported class of similarly situated individuals. In their sole remaining cause of action, the plaintiffs allege that the City violated their procedural due process rights in allowing or causing the District Attorney to send the collection letters.

The City moved for summary judgment (ECF No. 84), arguing in part that the District Attorney did not deprive the plaintiffs of due process in sending the letters. The Court agrees.

The plaintiffs have moved (ECF No. 102) to strike Exhibit 1 to the City's Evidentiary Submission. Because the Court reached its decision on the City's motion for summary judgment without relying on that exhibit, the Court will deny the plaintiffs' motion as moot.

1

Upon consideration of the motions, briefs, statement of uncontested facts, and evidentiary submissions, except Exhibit 1 to the City's Evidentiary Submission, as well as all other papers of record, by separate written order the Court will grant the City's motion for summary judgment and deny the plaintiffs' motion to strike.

## I. BACKGROUND

### A. Factual Background[1]

Each of the plaintiffs received traffic tickets, failed to pay the fines and fees associated with their tickets, and failed to appear as required at a court hearing related to their tickets.

Evelyn Brown received eleven traffic tickets in Montgomery, to which she pleaded guilty. City Evid., Ex. 9. When Ms. Brown failed to pay her fines, the Municipal Court ordered her to appear at a compliance hearing on July 8, 2013. City Evid., Ex. 12 at 2. Ms. Brown failed to appear at that hearing, and the Municipal Court set Ms. Brown's alias warrant status to "outstanding" on December 10, 2013. *See id.* On the same day, the Municipal Court set Ms. Brown's warrant status to "recalled." *Id.*

Brazil Rudolph received six traffic tickets in Montgomery, to which he pleaded guilty. City Evid., Ex. 14. When Mr. Rudolph failed to pay his fines, the Municipal Court ordered him to appear at a compliance hearing on July 1, 2015. City Evid., Ex. 17. Mr. Rudolph failed to appear at that hearing, and the Municipal Court set Mr. Rudolph's alias warrant status to "outstanding" on October 1, 2015. *See id.*

---

[1] For convenience, the Court uses the following short forms throughout this opinion to cite to evidence in the Rule 56 record. Citations to "City Evid." refer to Evid. Submissions Supp. City's Mot. Sum. J. (ECF No. 86). Citations to "Pls. Evid." refer to Evid. Submissions Supp. Pl.'s Resp. to Mot. Summ. J. (ECF No. 96). The Court cites to depositions and declarations without reference to the evidentiary compilation in which they appear; it references the docket number only in the first citation to a deposition or declaration.

2

Tito Williams received at least one ticket in Montgomery and made a partial payment against the fines. City Evid., Ex. 9. When Mr. Williams failed to pay the balance of his fines or to appear in the Municipal Court as the ticket ordered, the Municipal Court set Mr. William's alias warrant status to "outstanding" on November 10, 2015. *See id.*

To collect such unpaid fines and fees, the City contracted with the District Attorney to provide debt collection services. *See* Pls. Evid., Ex. 6.

The District Attorney sent collection letters to all three plaintiffs after they had failed to appear and after the Municipal Court indicated that they had outstanding warrants. *See* City Evid., Exs. 2–4. Each letter informed the relevant plaintiff that he or she had failed to make a court-ordered payment, that "[t]he City of Montgomery has an outstanding warrant(s) for your arrest," and that he or she "must pay within SEVEN (7) days of the date of this notice or you may be ARRESTED." *Id.*

The Municipal Court did not routinely generate and print warrants when it indicated that a warrant for failure to appear was outstanding. *See* Nixon Dep. 100:8–102:1 (Jan. 27, 2020) (ECF No. 96-2). Rather, the Municipal Court waited for a police officer to check a person's warrant status with the Municipal Court magistrates; if a warrant check turned up an outstanding warrant, the magistrates would then print the warrant and the police officer would make the arrest. *See id.* at 114:6–115:2. When the Municipal Court listed a warrant as recalled, the subject of the warrant remained "arrestable" for the underlying offense. *See id.* at 102:8–14. A warrant would be listed as recalled if the magistrates generated it and then learned that it could not be executed. *See id.*

### B. Procedural History

The plaintiffs filed this purported class action against the City and the District Attorney, alleging claims under § 1983 for violation of the Due Process Clause and Equal Protection Clause

and under state law. The City and District Attorney moved to dismiss the complaint. The Court granted that motion in part, dismissing the equal protection and state law claims. *See Rudolph v. City of Montgomery*, No. 2:16-CV-57 (RCL), 2017 WL 956359, at *12 (M.D. Ala. Mar. 10, 2017). On the parties' stipulations, the Court subsequently permitted joinder of Municipal Court Presiding Judge Milton Westry, Order (Aug. 29, 2018) and dismissed all claims against the District Attorney, Order (Sept. 5, 2018) (ECF No. 48).

After the parties failed to settle, *see* Order (Mar. 29, 2019) (ECF No. 63), the case proceeded to discovery.

The Court has reserved consideration of class certification until after it resolves dispositive motions. Order 3 (May 20, 2019) (ECF No. 70).

## II. LEGAL STANDARDS

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The movant bears the burden of showing its entitlement to summary judgement; the movant, however, must simply show that the non-movant has not produced enough evidence to meet his burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

In determining whether material facts are in dispute, the Court construes facts and makes inferences in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 379 (2007). "[W]hen conflicts arise between the facts evidenced by the parties, we credit the nonmoving party's version." *Evans v. Stephens*, 407 F.3d 1272, 1278 (11th Cir. 2005) (emphasis omitted). Facts, however, are disputed only if a reasonable jury could believe either side of the dispute. *See Scott*, 550 U.S. at 380. A fact is material if it is necessary to the Court's decision. *See United States v. Gilbert*, 920 F.2d 878, 883 (11th Cir. 1991).

### III. ANALYSIS

#### A. Motion for Summary Judgment

"The core of due process is the right to notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 (1998). In determining whether a state actor has provided due process, courts balance three factors: (1) the private interest at stake, (2) the risk of adjudicatory error and the marginal value of additional process, and (3) the governmental interest at stake. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

The plaintiffs claim that the District Attorney deprived them of due process by sending letters which demanded payment of outstanding fines and fees within seven days and noted that they had outstanding warrants and may be arrested if they failed to pay. That argument fails as a matter of law because the plaintiffs cannot show that the issuance or execution of a warrant for failure to appear would deprive them of due process. *See, e.g.*, *Mendoza v. Larotonda*, 270 F. App'x 157, 159 (3d Cir. 2008) (holding that a court satisfies the Due Process Clause by providing hearing following arrest on bench warrant).

If the plaintiffs had been arrested on their warrants for failure to appear, they would have been brought before the Municipal Court where they could have contested the validity of the warrants and the underlying charges. The plaintiffs would have been entitled to full adversarial hearings before a neutral decisionmaker — the gold standard of due process protections, *cf. Goldberg v. Kelly*, 397 U.S. 254, 264 (1970). The plaintiffs were not entitled to a hearing before the warrants issued because the risk of error of the Court's simple determination — that probable cause existed to believe the plaintiffs had failed to appear — was minimal and the practical and administrative costs of providing such hearings would be monumental.

The District Attorney's letters informed the plaintiffs that they were subject to arrest for failing to appear. It implied that the plaintiffs could moot the outstanding warrants by making

their payments in full. Those statements were true. The Court need not determine whether some threats could constitute due process violations in the absence of an actual deprivation of a right, because the letters here did not threaten to deprive the plaintiffs of their rights.

The plaintiffs argue that they cannot be punished for their failure to pay a fine unless the District Attorney considered their ability to pay. In making that argument, the plaintiffs point to this Court's ruling on their motion to dismiss, which held that they had adequately pleaded a due process claim. *See Rudolph*, 2017 WL 956359, at *5. At the motion to dismiss stage, however, the Court accepted as true the complaint's allegation that the Municipal Court had issued warrants "without any process as a result of the non-payment of fines." *See id.* at *4 (citing Compl. ¶ 15 (ECF No. 1)). As the record now establishes that the Municipal Court issued the warrants when the plaintiffs failed to appear at properly noticed hearings, the plaintiffs cannot substantiate the complaint's allegations.

The plaintiffs also argue that the District Attorney should have informed them of their rights to indigency determinations, payment plans, and appointed counsel. But "where procedures are publicly available, the Constitution does not require the government to inform a person of his remedial rights." *Carter v. City of Montgomery*, slip op. 38, No. 2:15-cv-555 (M.D. Ala. July 3, 2020) (citing *City of West Covina v. Perkins*, 525 U.S. 234, 241–42 (1999)).

Finally, the plaintiffs argue that the District Attorney incorrectly asserted that the plaintiffs had outstanding warrants. First, they argue that the Municipal Court issued the warrants for failure to pay and not for failure to appear. Yet the Court issued alias warrants (for failure to appear) not capias warrants (for failure to comply). *See, e.g.*, Pls. Evid., Ex. 20 at 91. And the plaintiffs had failed to appear at a hearing despite admonishments that failing to appear could result in their arrests. *See, e.g.*, City Evid., Ex. 16. Second, they argue that the Municipal Court had not actually

"issued" warrants when the District Attorney sent the letters. But the District Attorney only claimed that the warrants were "outstanding," as the Municipal Court's records indicate. Finally, they argue that Ms. Brown was not subject to arrest when they received the letters because her status was set to "recalled" after the District Attorney sent her letter. To the contrary, the record indicates that she was still "arrestable" for failure to appear after the Municipal Court reset her status. The Court will not find a due process violation based on the formality of whether a magistrate had printed an otherwise valid warrant. In all, the District Attorney accurately informed the plaintiffs that they were subject to arrest when he sent the letter.

The City is entitled to judgment as a matter of law.

### B. Motion to Strike

Plaintiffs argue that the Court should strike a declaration made by Kenneth H. Nixon, administrator of the Municipal Court. The Court reached its judgment without relying on Mr. Nixon's declaration. Accordingly, the Court will deny the motion to strike as moot. *See Kilpatrick v. Hyundai Motor Mfg. Ala., LLC*, 911 F. Supp. 2d 1211, 1222 (M.D. Ala. 2012).

## IV. CONCLUSION

Based on the foregoing, by separate written order the Court will grant the City's motion for summary judgment and deny the plaintiffs' motion to strike.

Date: 7/7/20

Royce C. Lamberth
United States District Court Judge